UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUDITH ANN ANDERSON, Administrator of the Estate of JEAN C. BRIDGE,<br><br>               Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., *et al.*,<br><br>               Defendants.<br>_____ | Case No. 2:10-cv-02235-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant Wal-Mart Stores, Inc.'s Motion for Sanctions Against Plaintiff's Counsel, Cristina Evans, Esq., Pursuant to Rule 11 (#49), filed on October 18, 2011; Supplement to Defendant's Motion for Sanctions (#51), filed October 31, 2011; Plaintiff's Opposition to Defendant Wal-Mart's Motion for Sanctions (#52), filed on November 1, 2011; and Defendant Wal-Mart's Reply to Plaintiff's Opposition (#53), filed on November 8, 2011. Having reviewed the parties' briefs, declarations and exhibits, the Court concludes that oral argument on this motion is unnecessary. The Court therefore vacates the hearing in this matter and issues its decision as follows:

**BACKGROUND AND DISCUSSION**

Plaintiff's counsel previously filed a Motion Regarding Spoliation of Evidence (#31) against Defendant Wal-Mart Stores, Inc. for its failure to preserve the step stool involved in the accident in which Plaintiff's decedent Jean C. Bridge was injured. Plaintiff's counsel argued that the severe sanction of striking Wal-Mart's answer and entering its default should be imposed because Wal-Mart deliberately discarded the step stool in order to deprive Ms. Bridge of relevant evidence. Alternatively, Plaintiff argued that the Court should impose the severe sanction of

default even if Wal-Mart was merely negligent.  Wal-Mart argued that the loss of the step stool was an innocent mistake and that no sanction was warranted.  This Court concluded that Wal-Mart was negligent in failing to preserve the step stool and, therefore, the severe sanction of striking Defendant's answer and entering its default was not warranted.  The Court held, however, that Plaintiff was entitled to lesser evidentiary sanctions to remedy the prejudice potentially resulting from her inability to inspect the step stool or introduce it as physical evidence at trial.  *See Order (#47), October 3, 2011.*  Neither party filed an objection to the order.

Wal-Mart now moves for Rule 11 sanctions against Plaintiff's counsel Cristina Evans, Esq. based on her unfounded contention that Wal-Mart's employees deliberately destroyed or discarded the step stool in order to deprive the Plaintiff of relevant evidence.  Wal-Mart argues that Plaintiff's counsel falsely represented the facts and, in particular, the testimony of Wal-Mart employee Leah Siemen in a vain attempt to convince the Court of the egregiousness of Defendant's conduct.  As a sanction, Defendant requests that the Court strike Plaintiff's Motion Regarding Spoliation of Evidence (#31) and order Plaintiff's counsel to pay Wal-Mart's attorney's fees and costs incurred in defending against the accusation that it deliberately destroyed relevant evidence.

Rule 11(b) states that in presenting a pleading, written motion, or other paper to the court, the attorney certifies that to the best of his or her knowledge, information and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation.  The attorney also certifies that the claims, defenses and other legal contentions made in the pleading or motion are warranted under existing law, or by a non-frivolous argument for extending, modifying or reversing existing law, or for establishing new law.  The attorney also certifies that the factual contentions of the pleading or motion have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation.

In this case, Plaintiff's counsel, without reasonable basis, mischaracterized the testimony of Wal-Mart's employee Leah Siemen by asserting that she knowingly made an untrue statement in her January 5, 2009 witness statement that "the ladder for this claim was mistakenly thrown away with the others."  As Ms. Siemen acknowledged during her deposition, she did not actually know

what happened to the step stool, but assumed that it had been discarded along with the other step stools that were removed from the store after Ms. Bridge's accident. Ms. Siemen, therefore, should have stated only that she believed or assumed that the step stool had been "thrown away." The evidence did not, however, support the contention that Ms. Siemen made an intentionally false statement concerning the disposition of the step stool. Plaintiff's counsel also exaggerated the facts, or the inferences that can reasonably be drawn from facts, in contending that Wal-Mart deliberately disposed of the step stool in order to deprive Plaintiff of relevant evidence. The Court therefore concludes that Ms. Evans violated Rule 11(b)(3) because she did not have evidentiary support or a reasonable basis for her factual contentions regarding Wal-Mart's alleged wrongful intent.

District courts have fairly broad discretion in determining the appropriate sanction for a violation of Rule 11. "The appropriateness of a particular sanction is primarily a function of two variables: the facts presented and the court's purpose in penalizing the errant party. Sanctions, under both Rules 11 and 37, serve dual purposes of deterrence and compensation." *Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 395 (1st Cir. 1990).

*Anderson* further states:

> In general, a trial court confronted by sanctionable behavior should consider the purpose to be achieved by a given sanction and then craft a sanction adequate to serve that purpose. *See Thomas,* 836 F.2d at 878; *Brown,* 830 F.2d at 1437; *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir.1987). While we eschew the imposition of rigid guidelines for the trial courts in this circumstance-specific area of the law, the judge should take pains neither to use an elephant gun to slay a mouse nor to wield a cardboard sword if a dragon looms. Whether deterrence or compensation is the goal, the punishment should be reasonably suited to the crime. Nevertheless, whichever purpose is to be served-and often, sanctions are designed to serve some combination of the two prime purposes-the trial court's discretion in fashioning sanctions is broad. *See National Hockey League,* 427 U.S. at 642, 96 S.Ct. at 2780; *McLaughlin v. Bradlee,* 803 F.2d 1197, 1205 (D.C.Cir.1986); *Albright v. UpJohn Co.,* 788 F.2d 1217, 1222 (6th Cir.1986); *Brockton Sav. Bank,* 771 F.2d at 10; G. Joseph, *Sanctions, supra,* § 2, at 15.

*Id.*

"A court is not obligated to impose monetary sanctions, and, where imposed, the amount of sanction should not exceed what 'is sufficient to deter repetition of such conduct or comparable

3

conduct by others similarly situated.' Fed.R.Civ.P. 11(c)(2)." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 399 F.Supp.2d 1081, 1090 (E.D.Cal. 2004). The court in *Pickern* held that monetary sanctions were not warranted and, instead, admonished the plaintiff's counsel for his misconduct.

This Court concludes that admonishment is also the appropriate sanction in this case for Plaintiff's counsel's conduct in unreasonably and improperly contending that Wal-Mart engaged in the deliberate destruction of evidence when the evidence, at most, supported the conclusion that Wal-Mart's employees were negligent. The Court also admonishes Plaintiff's counsel for contending or implying that Wal-Mart's employee made an intentionally false statement when the evidence did not provide a reasonable basis for such an accusation or implication.

The Court made clear in Order (#47) that there was no evidence to support Plaintiff's contention that Wal-Mart intentionally destroyed or discarded the step stool. Striking Plaintiff's previous motion would not materially add to this finding. Striking the motion would, however, result in unnecessary confusion since the Court granted partial relief to Plaintiff on that motion. The Court has also considered Defendant's request for an award of the attorney's fees it incurred as a result of Ms. Evan's violation. While the Court rejected Plaintiff's contention that Wal-Mart intentionally destroyed relevant evidence, it also rejected Defendant's assertion that the loss of the step stool was due to an innocent, fault-free, mistake and that no sanction for the spoliation of evidence was warranted. Under the circumstances, the Court will leave the *status quo* in effect concerning each party's attorney's fees and expenses related to these motions. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wal-Mart Stores, Inc.'s Motion for Sanctions Against Plaintiff's Counsel, Cristina Evans, Esq., Pursuant to Rule 11 (#49) and Supplement to Defendant's Motion for Sanctions (#51) are **granted** as follows:

The Court finds and concludes that Plaintiff's counsel Cristina Evans, Esq. violated Rule 11 of the Federal Rules of Civil Procedure by alleging, without evidentiary support, that Defendant Wal-Mart Stores, Inc. intentionally destroyed relevant evidence and by alleging or implying that Defendant's employee made a false statement regarding the disposition of the subject step stool. The Court hereby admonishes Plaintiff's counsel for her violation of Rule 11 and cautions her against making allegations or contentions in pleadings, motions or other written papers filed with

the court that are without reasonable factual or legal support.

**IT IS FURTHER ORDERED** that the hearing on Defendant's Motion for Rule 11 Sanctions scheduled for November 21, 2011 at 10:00 A.M. is **vacated**. The Court has, however, set a hearing on Plaintiff's motion to extend discovery at that same date and time and the hearing on that motion shall proceed.

DATED this 16th day of November, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge