1
2
3
4
5                          **UNITED STATES DISTRICT COURT**

6                               **DISTRICT OF NEVADA**

7

8    JUDITH ANN ANDERSON, Administrator of the )
     Estate of JEAN C. BRIDGE,                              )
9                                                           )
                           Plaintiff,                       )        Case No.  2:10-cv-02235-GMN-GWF
10                                                          )
     vs.                                                    )        **ORDER**
11                                                          )
     WAL-MART STORES, INC., *et al.*,                       )        **Motion for Sanctions for**
12                                                          )        **Spoliation of Evidence - #74**
                           Defendants.                      )
13   _____ )

14          This matter is before the Court on Defendant's Motion for Sanctions Against Plaintiff for

15   Spoliation of Evidence (#74), filed on January 7, 2012; Plaintiff's Opposition to the Motion for

16   Sanctions (#77), filed on January 19, 2012; and Defendant's Reply to Plaintiff's Opposition (#79),

17   filed on January 30, 2012.

18                                    **BACKGROUND**

19          On December 5, 2008, Plaintiff's decedent Jean C. Bridge, who was 84 years old, was

20   shopping in the Wal-Mart Department Store located at 5200 S. Fort Apache Road in Las Vegas,

21   Nevada.  Ms. Bridge was pushing a shopping cart in the vicinity of the pharmacy department when

22   her right shin made contact with a metal step stool that had apparently been placed against a wall.

23   Ms. Bridge suffered a laceration to her right leg and was later hospitalized because of the injury and

24   other health problems.  Ms. Bridge died in August 2010, prior to the filing of this lawsuit, and her

25   sworn testimony was never obtained.  There were no other eyewitnesses to the accident and the

26   store area in which the accident occurred was reportedly not viewable on the store's video

27   camera(s).

28   . . .

Ms. Bridge made three brief statements about how the accident occurred prior to leaving the Wal-Mart Store on December 5, 2008.  Betty Tang, a Wal-Mart employee, testified that Ms. Bridge asked her for a paper towel.  Ms. Tang asked her what happened and Ms. Bridge said she hit the ladder with her cart.  Ms. Tang then saw the blood on her leg. It appears from the context that this exchange occurred shortly after the accident happened.  *Motion (#74), Exhibit K, Deposition of Betty Tang.*  Wal-Mart employee Julie Dillman testified that she presented Ms. Bridge with a "Customer Statement" form.  Ms. Bridge was unable to fill out the form, so Ms. Dillman allegedly wrote down what Ms. Bridge told her.  According to this statement, Ms. Bridge stated that she "was walking by front of pharmacy hit right leg (shin) on step stool leaned against wall."  *Defendant's Opposition to Plaintiff's Motion for Sanctions (#34), Exhibits G and H.*   Sherwin Trinidad, a store customer, provided a written statement to Wal-Mart and later testified at deposition that he heard Ms. Bridge tell the ambulance paramedic that while moving her cart she hit the step stool which was folded on the wall.  *Motion (#74), Exhibit L.*  In addition to the foregoing statements, Wal-Mart's claims adjuster interviewed Ms. Bridge by telephone on December 12, 2008. *Opposition (#77), Exhibit 4.*  During this interview, Ms. Bridge reportedly stated that the step stool or "folded up chair" was against the wall and that it fell and hit her right leg as she was leaving the pharmacy area.

## DISCUSSION

The Plaintiff previously filed a motion for sanctions against Defendant Wal-Mart based on its failure to preserve the step stool involved in Ms. Bridge's accident.  Plaintiff requested that Wal-Mart's answer be stricken and that its default be entered as sanction for its willful misconduct. *Motion Regarding Spoliation of Evidence (#31).*  The Court concluded that Wal-Mart was negligent in failing to preserve the step stool, but that its conduct did not warrant the severe sanction of default.  *Order (#47).*  The Court did, however, impose lesser evidentiary sanctions to alleviate any prejudice caused by Defendant's failure to preserve the step stool. *Id.*

Defendant now moves for sanctions against Plaintiff based on her alleged failure to timely file suit against Wal-Mart or take other measures which would have ensured Ms. Bridge's availability as a witness at deposition or trial.  Defendant argues that it has been materially

1    prejudiced by Ms. Bridge's unavailability and that Plaintiff's complaint should therefore be

2    dismissed.  Alternatively, Defendant requests a rebuttable presumption instruction that Ms.

3    Bridge's testimony would have been adverse to Plaintiff.  Defendant also requests that Plaintiff be

4    barred from introducing Ms. Bridge's alleged statements about how the accident occurred.

5         As previously stated in Order (#41), the court has the inherent authority to impose sanctions

6    based on a party's failure to preserve relevant evidence.  Sanctions may be imposed if the party was

7    on notice that the evidence was potentially relevant to pending or reasonably foreseeable litigation

8    and failed to take reasonable steps to preserve it.  *United States v. $40,955.00 In U.S. Currency,*

9    554 F.3d 752, 758 (9th Cir.2009); *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 958 (9th Cir.2006); and

10   *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th Cir.1992).  *See also Anderson v.*

11   *Wal-Mart Stores, Inc*., 2011 WL 4621286, at *3-*4 (D.Nev. 2011).  The forms of sanction may

12   include (1) an instruction to the jury that it may draw an inference adverse to the party or witness

13   responsible for destroying the evidence, (2) an order excluding witness testimony proffered by the

14   party responsible for destroying the evidence, or (3) a dispositive order dismissing the complaint or

15   entering a default judgment.  *In re Napster,* 462 F.Supp.2d 1060, 1066 (N.D.Cal.2006). *See also*

16   *Powell v. Texvans, Inc.,* 2011 WL 1099120, *4 (D.Nev.2011) and *Morford v. Wal–Mart Stores,*

17   *Inc.,* 2011 WL 635220, *3 (D.Nev.2011).  While a finding of bad fath is not required for the

18   imposition of sanctions, "a party's motive or degree of fault in destroying evidence is relevant to

19   what sanction, if any, is imposed." *In re Napster,* 464 F.Supp.2d at 1066–67, citing *Baliotis v.*

20   *McNeil,* 870 F.Supp. 1285, 1291 (M.D.Pa.1994).  Courts should choose "the least onerous sanction

21   corresponding to the willfulness of the destructive act and the prejudice suffered by the victim."

22   *Schmid v. Milwaukee Electric Tool Corp.,* 13 F.3d 76, 79 (3rd Cir.1994); *Dillon v. Nissan Motor*

23   *Co., Ltd.,* 986 F.2d 263 (8th Cir.1993).  *See also Leon v. IDX Systems Corp.,* 464 F.3d 951, 959

24   (9th Cir. 2006).

25        Plaintiff has the burden of establishing that Ms. Bridge's injury was caused by the

26   negligence of the Defendant.  An owner or occupier of premises is liable for an injury to its invitee

27   that was caused by an unreasonably dangerous condition on its premises, if the owner had actual or

28   constructive notice of its presence.  *Asmussen v. New Golden Hotel Co.*, 80 Nev. 260, 262, 392

P.2d 49, 50 (1964); *Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 250, 849 P.2d 320, 322-23 (1993). The owner is not liable, however, for injuries caused by a dangerous condition that was open and obvious and could have been avoided by the plaintiff in the exercise of reasonable care. *Gunlock v. New Frontier Hotel*, 78 Nev. 182, 185, 370 P.2d 682, 684 (1962). Plaintiff's theory of liability is that Wal-Mart was negligent in placing or allowing the step stool to be placed against the wall, and that it does not matter whether Ms. Bridge hit the step stool with her cart or it simply fell on its own as she passed by. *Opposition (#77), pg. 20.* If Ms. Bridge had been available to testify, however, direct or cross-examination of her may have revealed whether she reasonably could or should have avoided contact with the step stool. Her testimony obviously could have been an important factor in determining liability for the subject accident.

The issue here is whether the alleged delay in filing this lawsuit deprived Defendant of the opportunity or ability to obtain Ms. Bridge's testimony. The Court concludes that it did not. Sanctions may be warranted if a person, with knowledge that an action will likely be filed and that an important or material witness may to be unavailable at a later date, fails to disclose that information to the expected adversary so that it can take measures to preserve the witness's testimony if it so desires. In this case, Defendant was aware of Ms. Bridge's December 5, 2008 accident shortly after it occurred. Defendant's employee obtained a brief statement from Ms. Bridge before she left the store. Defendant's claims adjuster also interviewed Ms. Bridge on December 12, 2008 and obtained additional information from her about how the accident occurred. Defendant was notified within a relatively short period after that accident that Ms. Bridge had retained counsel and would be pursuing a personal injury claim. Defendant was also aware of Ms. Bridge's advanced age and was informed by Ms. Bridge's counsel about her medical condition.

If Defendant believed that it did not have sufficient information or that Ms. Bridge's testimony would be helpful to its defense, it could have requested that Ms. Bridge voluntarily submit to a deposition in advance of suit. Defendant also could have petitioned the Court for leave to perpetuate Ms. Bridge's testimony pursuant to Rule 27 of the Federal Rules of Civil Procedure or Rule 27 of the Nevada Rules of Civil Procedure. Although generally available to a potential plaintiff or defendant, Rule 27 is particularly available to a person who expects to be made a

defendant because the petitioning party is required to show that it cannot presently bring or cause the action to be brought.  Rule 27(a)(1)(A).  *See Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 54 (9th Cir. 1961).

Defendant Wal-Mart was clearly on notice that Ms. Bridge was pursuing a claim against it and that, due to her age and physical condition, she might not be available at a later date after suit was filed.  Under these circumstances, Plaintiff was under no duty to take any further action to preserve Ms. Bridge's testimony for the benefit of Defendant.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions Against Plaintiff for Spoliation of Evidence (#74) is **denied.**

DATED this 1st day of February, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

5